JOSHUA N. KASTAN (SBN 284767)
jnk@dkmlawgroup.com
**DKM LAW GROUP, LLP**
535 Pacific Avenue, Suite 101
San Francisco, California 94133
Telephone: 415.421.1100

Attorneys for Defendant,
NUTRIEN AG SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| LISA BAKER;<br><br>        Plaintiff,<br>vs.<br><br>NUTRIEN AG SOLUTIONS, INC.,<br>and DOES 1 through 20, inclusive,<br><br>        Defendants. | CASE NO. 1:21-at-00955<br><br>[Formerly Merced County Superior Court, Case No. 21CV-02844]<br><br>**DEFENDANT NUTRIEN AG SOLUTIONS, INC'S NOTICE OF REMOVAL OF STATE ACTION UNDER 28 U.S.C. §§ 1332 AND 1441 [DIVERSITY JURISDICTION]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:  August 24, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant NUTRIEN AG SOLUTIONS, INC. ("Nutrien") hereby removes to this Court the state action described below:

1.      Nutrien is a defendant in the civil action commenced on August 24, 2021, by Plaintiff Lisa Baker ("Plaintiff") in the Superior Court of the State of California, County of Merced, Case No. 21CV-02844, entitled *Lisa Baker v. Nutrien Ag Solutions, Inc., and DOES 1 to 20, inclusive*.

2.      Plaintiff filed the Original Summons and Complaint on August 24, 2021. Service was perfected on September 7, 2021. A true and correct copy of the Original Summons and Complaint is attached hereto as **Exhibit A1**.[1]

3.      This notice of removal was filed within 30 days after receipt by Nutrien of the pleading setting forth the claim for relief against Nutrien. Furthermore, this case has been removed within one year of the commencement of this action pursuant to 28 U.S.C. Section 1446(c)(1). Nutrien's removal is thus timely.

## JURISDICTION

**A.      Removal Jurisdiction Based On Diversity Jurisdiction**

4.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by Nutrien pursuant to the provision of 28 U.S.C. § 1441(a), because it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different states.

5.      Pursuant to 28 U.S.C. § 1446(d), Nutrien will also file a copy of this Notice of Removal with the Merced County Superior Court and provide notice to Plaintiff.

6.      Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on Nutrien in this action will be filed concurrently with this Notice of Removal.

**B.      Complete Diversity Of Citizenship Exists**

7.      At the time of commencement of this action, and at all times since, Nutrien has been, and still is, a corporation of the state of Delaware and Colorado, being incorporated under the laws

---

[1] Pursuant to 28 USC 1448(a), a true and correct copy of all process, pleadings and orders served in this case are submitted concurrently herewith.

1  of Delaware, and has had, and continues to have, its principal place of business in Colorado.

2  8.    At the time of commencement of this action, and at all times since, Plaintiff has been

3  and continues to be a citizen of the State of California.  (Complaint, Exhibit A1 at ¶ 1.)

4  9.    At the time of the commencement of this action and at all times since, Nutrien was

5  not incorporated under the laws of the State of California, and does not maintain its principal place

6  of business in California.  Therefore, Nutrien is not a citizen of California.

7  10.   Complete diversity of citizenship exists because Plaintiff is a citizen of the State of

8  California and Nutrien is a citizen of the State of Delaware and Colorado.

9  **C.    Minimum Amount In Controversy Exceeds $75,000.00**

10  **(1)    Complaint**

11  11.   This is negligence claim related to crop damage allegedly suffered by Plaintiff. The

12  fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can

13  be determined by the nature of the claims and the type of damages sought in the complaint. (28 U.S.C.

14  §§ 1446(b)-(c).) Plaintiff alleges that a sixty-acre crop of alfalfa was destroyed due to Defendant's

15  negligence. (Exhibit A1, Complaint at ¶ 11.)

16  12.   Moreover, Plaintiff specifically quantified her alleged damages in a pre-litigation

17  demand letter to Nutrien.

18  13.   A settlement letter can constitute sufficient evidence to satisfy the amount in

19  controversy requirement where the settlement request demands an amount over the jurisdictional

20  minimum. (*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Ackerberg v. Citicorp USA,*

21  *Inc*., 887 F. Supp. 2d 934, 939 (N.D. Cal. 2012).)  Moreover, Federal Rule of Evidence 408 does not

22  prohibit the use of a settlement letter in evaluating the amount in controversy because the settlement

23  letter is offered to establish a plaintiff's assessment of the value of the claim.  The settlement letter is

24  not offered to establish the amount of a defendant's liability.  (*Cohn, supra*, 281 F.3d at 840, fn 4.)

25  14.   In a letter dated April 30, 2021, Plaintiff demanded $183,750.00 representing damages

26  to her crops and an additional $53,802.00 to replace her damaged crops as the full and final settlement

27  of this claim prior to the initiation of litigation. A true and correct copy of the April 30, 2021, letter

28  is attached hereto as **Exhibit B** and is incorporated as part of this notice.  While Nutrien disputes

Plaintiffs' claims and damages prayer, it is evident from the allegations that the minimum amount in controversy required for diversity jurisdiction has been satisfied.

**(2)    Attorney's Fees**

15.    In addition, the Complaint asserts a claim for attorney's fees and costs. (Complaint, Exhibit A at Prayer for Relief). Attorney's fees damages are also sufficient to invoke the jurisdictional minimum. (*Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).)

16.    Accordingly, when the attorney's fees are considered together with Plaintiff's claim for general damages, the amount in controversy for the instant matter far exceeds the $75,000.00 threshold based upon Plaintiff's allegations. (28 U.S.C. § 1441(a).) Nutrien reserves its right to dispute any such claims relative to the existence, amount, and appropriateness of Plaintiff's claim for attorney's fees as a damage element. Even without the demand for attorney's fees, the jurisdictional minimum is satisfied.

**STATE COURT PLEADINGS ATTACHED**

17.    Pursuant to 28 U.S.C. § 1446(a), Nutrien has attached to this Notice all pleadings previously filed in the underlying state court action, attached as **Exhibits A1 *through* A3**:

- **Exhibit A1** – Complaint, Summons, Civil Case Cover Sheet
- **Exhibit A2** – Notice of Case Management Conference and Notice of Inclusion in Delay Reduction Program
- **Exhibit A3** – Plaintiff's Proof of Service of Summons

**INTRADISTRICT VENUE**

18.    Pursuant to E.D. Cal. L.R. 120(d), the appropriate venue assignment for this action is in the United States District Court for the Eastern District of California located in Fresno given that the civil action was removed from the Superior Court for the State of California, County of Merced.

Dated:  October 6, 2021                    **DKM LAW GROUP, LLP**


                                        By: */s/ Joshua N. Kastan*
                                        _____
                                        JOSHUA N. KASTAN
                                        Attorneys for Defendant
                                        NUTRIEN AG SOLUTIONS, INC.

1

## DEMAND FOR JURY TRIAL

2

Defendant NUTRIEN AG SOLUTIONS, INC., hereby demands a trial by jury.

3

4

Dated:  October 6, 2021                              **DKM LAW GROUP, LLP**

5

By:  */s/ Joshua N. Kastan*

6

JOSHUA N. KASTAN
Attorneys for Defendant

7

NUTRIEN AG SOLUTIONS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28