1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LISA BAKER, TRUSTEE OF THE D. BAKER
IRREVOCABLE 2020 LB TRUST,

Plaintiff,

v.

NUTRIEN AG SOLUTIONS, INC.,

Defendant.

Case No.  1:21-cv-01490-ADA-SKO

**ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

(Doc. 36)

## I.      INTRODUCTION

Plaintiff Lisa Baker ("Plaintiff") initiated this action in state court asserting a claim of
negligence against Defendant Nutrien Ag Solutions, Inc. ("Defendant").  (*See* Doc. 1-2 at 6–9.)
Defendant removed the action to federal court.  (Doc. 1.)  Currently before the Court is Plaintiff's
motion for leave to file a second amended complaint to substitute Baker Farming Partnership
("BFP") as Plaintiff and real party in interest in this action.  (Doc. 36.)

For the reasons set forth below, Plaintiff's motion to amend the complaint is GRANTED.

## II.      BACKGROUND

Plaintiff, in her individual capacity, initiated this action against Defendant in state court
seeking damages based on a single claim of negligence.  (*See* Doc. 1-2 at 6–9.)  On October 6, 2021,
Defendant removed this action to federal court based on diversity jurisdiction.  (Doc. 1.)

Plaintiff filed a first amended complaint ("FAC") on October 27, 2021, naming Plaintiff in
her capacity as Trustee of the D. Baker Irrevocable 2020 LB Trust as Plaintiff in this action and
asserting the same claim of negligence.  (Doc. 11.)  The FAC provides that Plaintiff is owner of real

1    property located at East Harmon Road and Highway 152 in El Nido, California (the "Subject

2    Property"). (FAC ¶ 6.)  Plaintiff alleges Defendant breached its duty of care by failing to properly

3    inform Plaintiff regarding agricultural products it sold to Plaintiff, and Defendant's negligence was

4    the proximate cause of damage to Plaintiff's alfalfa crop.  (*See* FAC ¶¶ 7–22.)

5        Defendant filed an answer to the FAC on August 19, 2022.  (Doc. 27.)  On September 16,

6    2022, following the Initial Scheduling Conference, the Court issued a Scheduling Order in this

7    action.  (Doc. 31.)  The Scheduling Order provided as follows:

8            Any motions or stipulations requesting leave to amend the pleadings must
     be filed by no later than January 9, 2023. The parties are advised that filing motions
9    and/or stipulations requesting leave to amend the pleadings by January 9, 2023,
     does not reflect on the propriety of the amendment or imply good cause to modify
10   the existing schedule, if necessary. All proposed amendments must (A) be
     supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment
11   requires any modification to the existing schedule, *see Johnson v. Mammoth
     Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed.
12   R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party,
     (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman
13   v. Davis*, 371 U.S. 178, 182 (1962).
14

15   (*Id*. at 2–3.)  The Scheduling Order also provided that the deadline for the completion of fact

16   discovery is July 7, 2023.  (*Id*. at 1, 3.)

17       On May 19, 2023, Plaintiff filed a motion for leave to file a second amended complaint (*see*

18   Doc. 36-2), with a supporting declaration from her attorney, Michael C. Titus (Doc. 36-1 at 1–3

19   ("Titus Decl.")).  Defendant filed an opposition and supporting declaration on June 2, 2023 (Docs.

20   38–39), and Plaintiff filed a reply on June 12, 2023 (Doc. 40).  With leave from the Court (Doc. 43),

21   Defendant filed a sur-reply on June 20, 2023 (Doc. 44).

22       Plaintiff moves to amend the FAC to substitute and join BFP as Plaintiff and real party in

23   interest.  (*See* Doc. 36-2 at 1.)  Plaintiff explains that the "catalyst" for the proposed amendment

24   was discovery propounded by Defendant on February 1, 2023.  (*Id*. at 2; *see also* Titus Decl. ¶ 3.)

25   Plaintiff served responses on April 3, 2023, and supplemental responses on May 16, 2023.  (Titus

26   Decl. ¶ 4–5.)  "In preparation of the discovery responses, and especially in preparation of the

27   supplemental responses," Plaintiff's counsel discovered that BFP was the entity which ran the

28   farming operation at the Subject Property according to an Agricultural Lease produced in the

1  supplemental responses.  (Titus Decl. ¶ 6.)  Plaintiff responded to Defendant's discovery requests

2  as if they had been propounded to BFP on May 16, 2023.  (Doc. 36-2 at 2.)  Plaintiff filed the instant

3  motion to amend a few days later on May 19, 2023.  (Doc. 36.)

**III.      DISCUSSION**

5        Plaintiff contends the proposed amendment is permissible under Federal Rule of Civil

6  Procedure 15 and the factors set forth in *Foman v. Davis* because it is timely, not prejudicial to

7  Defendant, offered in good faith, and not futile.  (Doc. 36-2 at 1–5.)  Plaintiff also asserts that

8  amendment of the FAC would not require modification of the existing scheduling order.[1]  (*Id*. at 2.)

9        Defendant opposes Plaintiff's request to amend, contending *inter alia*, that Plaintiff failed to

10  meet her burden of establishing good cause for amendment after the deadline set forth in the Court's

11  Scheduling Order.[2]  (Doc. 38 at 5–7.)  Citing *Johnson v. Mammoth Recreations, Inc.*, Defendant

12  asserts that Federal Rule of Civil Procedure Rule 16, not Rule 15, governs Plaintiff's request for

13  amendment because the Court has already issued a Scheduling Order in this case.  (*Id*. at 5.)

14  Defendant contends Plaintiff failed to act with reasonable diligence in determining the proper

15  Plaintiff before initiating this lawsuit and throughout the course of this litigation.  (*Id*. at 6–7.)

16  Defendant further asserts that Plaintiff's request for leave to amend is untimely, given that it was

17  made four months after the deadline set forth in the Scheduling Order and shortly before the close

18  of fact discovery.  (*Id*.)

19        Plaintiff replies that good cause exists to amend the complaint because the discovery requests

20  propounded by Defendant on February 1, 2023, which revealed the need to substitute BFP as

21  Plaintiff, were not served until after the deadline for amendment, January 9, 2023, thereby

22  necessitating a motion for leave to amend. (Doc. 40 at 7–8.)

23      **A.      There is Good Cause to Modify the Schedule Pursuant to Rule 16**

24          **1.      Legal Standard**

25        Rule 16(b) provides that the district court must issue a scheduling order that limits the time

---

[1] Notwithstanding this argument, Plaintiff expresses a willingness to stipulate to an extension of the fact discovery deadline to allow for Defendant to propound additional discovery. (Doc. 36-2 at 2.) Plaintiff also notes that if the Court sees fit to modify the scheduling order, she will not object. (*Id*.)

[2] In its sur-reply, Defendant withdraws its argument that dismissal is required because the Court lacks subject matter jurisdiction over the case. (*See* Doc. 44 at 2.)  Accordingly, the Court does not address this contention.

1  to join other parties, amend the pleadings, complete discovery, and file motions.  Fed. R. Civ. P.

2  16(b)(1)-(3).  Once in place, "[a] schedule may be modified only for good cause and with the judge's

3  consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the

4  diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  The moving party cannot

5  "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [must] satisfy

6  the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v.*

7  *Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original).  The court "may

8  modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking

9  the extension.'" *Johnson*, 975 F.2d at 609.

10         Good cause may be found to exist where the moving party shows, for example, that (1) it

11  diligently assisted the court in recommending and creating a workable scheduling order; (2) it is

12  unable to comply with the deadlines set forth in the scheduling order due to issues not reasonably

13  foreseeable at the time of the issuance of the scheduling order; and (3) it was diligent in seeking an

14  amendment once the party reasonably knew that it could not comply with the scheduling order.

15  *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Jackson v.*

16  *Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).  "If [the moving] party was not diligent, the

17  inquiry should end." *Johnson*, 975 F.2d at 609.  If good cause is found, the court then evaluates the

18  request to amend in light of Rule 15(a)'s liberal standard. *Id.* at 608.

19              **2.        Analysis**

20         Plaintiff asserts that her motion to amend is governed by Rule 15, not Rule 16, because the

21  proposed amendment would not alter any of the existing case deadlines.  The Court disagrees.

22  "Once the district court has issued a pretrial scheduling order pursuant to Rule 16 establishing the

23  time for any amendment to the pleadings, 'a motion seeking to amend pleadings is governed first

24  by Rule 16(b), and only secondarily by Rule 15(a).'" *Pizana v. SanMedica International LLC*, 1:18–

25  cv–00644–DAD–SKO, 2022 WL 1241098, at *5 (E.D. Cal. Apr. 27, 2022).  The deadline to file a

26  motion to amend the pleadings has expired, and permitting amendment would necessarily require a

27  continuance of the amendment deadline set forth in the Scheduling Order.  Permitting amendment

28  would also necessarily require modification of the discovery deadlines set forth in the Scheduling

4

1  Order to afford Defendant a fair opportunity to conduct discovery as to the proposed new Plaintiff.

2  Accordingly, the Court construes Plaintiff's motion to amend under Rule 15 as a motion to modify

3  the Scheduling Order under Rule 16. *See, e.g., Eisenstecken v. Tahoe Reg'l Plan. Agency*, No. 2:20–

4  cv–02349–TLN–CKD, 2022 WL 956694, at *2 (E.D. Cal. Mar. 30, 2022) (finding Plaintiffs

5  incorrectly moved to amend under Rule 15(a) because a pretrial scheduling order was in place and

6  construing Plaintiff's motion to amend as a motion to modify the scheduling order).  Thus, Plaintiff's

7  amendment request must first satisfy the "more stringent" good cause standard articulated in Rule

8  16. *AmerisourceBergen Corp.*, 465 F.3d at 952.

9          "Allowing parties to amend based on information obtained through discovery is common

10  and well established." *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist*., No. CIV. S-05-583

11  LKK/GGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006) (collecting cases); *see also Macias

12  v. City of Clovis*, No. 1:13-cv-01819-BAM, 2016 WL 1162637, at *4 (E.D. Cal. Mar. 24, 2016)

13  ("[D]iscovery of new evidence is often sufficient to satisfy the good cause standard" under Rule

14  16(b).).  In general, the focus of the diligence inquiry under Rule 16 is the time between the moving

15  party's discovery of new facts and seeking leave to file an amended pleading. *See, e.g., Zivkovic v.

16  S. Cal. Edison Corp.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002).

17          The Court finds that Plaintiff acted diligently, thus establishing good cause to modify the

18  schedule under Rule 16.  The Scheduling Order was issued on September 16, 2022, setting the

19  deadline for requesting leave to amend the pleadings on January 9, 2023, and the deadline for the

20  completion of fact discovery on July 7, 2023.  (Doc. 31 at 1–3.)  Defendant propounded discovery

21  on February 1, 2023.  (Doc. 36-2 at 2; Titus Decl. ¶ 3.)  Plaintiff states she realized BFP was the

22  real party in interest upon preparing the responses to Defendant's discovery requests, "and

23  especially in preparation of the supplemental responses." (Titus Decl. ¶ 6.)  Plaintiff states it was

24  the production of the Agricultural Lease in the supplemental responses that caused her to realize

25  amendment was necessary.  (Titus Decl. ¶ 6–7.)  Plaintiff responded to Defendant's requests as

26  though they had been propounded to BFP, who is currently not a plaintiff in the action.  (Doc. 36-2

27  at 2.)  Plaintiff served responses on April 3, 2023, and the supplemental responses on May 16, 2023.

28  (Titus Decl. ¶ 4–5.)

1    On May 16, 2023, the day Plaintiff served the supplemental responses, Plaintiff's counsel

2 contacted Defendant's counsel to inquire as to whether Defendant would be willing to enter into a

3 stipulation to allow the filing of the second amended complaint.  (Titus Decl. ¶ 8; *see also* Doc. 36-

4 1 at 16.)  The following day, on May 17, 2023, Defendant indicated it was unwilling to enter into

5 such a stipulation and would consider filing a statement of non-opposition to Plaintiff's motion to

6 amend.  (Titus Decl. ¶ 9; *see also* Doc. 36-1 at 15–16.)  Plaintiff filed a motion to amend only three

7 days later, on May 19, 2023.  (*See* Doc. 36.)  Defendant opposed the motion.  (Doc. 38.)

8    Based on the foregoing, the Court finds that Plaintiff did not delay in seeking amendment

9 and has therefore shown "good cause" under Rule 16(b) to modify the Scheduling Order for the

10 purpose of amending the operative complaint.  *See, e.g., Nucal Foods, Inc. v. Quality Egg LLC,* No.

11 CIV S–10–3105–KJM–CKD, 2012 WL 260078, at *5 (E.D. Cal. Jan. 27, 2012) ("Because plaintiff

12 moves to amend [its] complaint based on facts uncovered during discovery, the court finds that

13 plaintiff has good cause to seek leave to amend.  Plaintiff could not have exercised a greater degree

14 of diligence in order to amend at an earlier state in litigation.");  *AZ Holding, L.L.C. v. Frederick*,

15 No. CV–08–0276–PHX–LOA, 2009 WL 3063314, at *3 (D. Ariz. Sept. 22, 2009) (plaintiff

16 reasonably diligent in seeking leave one month after discovery the basis for amendment and while

17 discovery was still open);  *Fru-Con Const. Corp.*, 2006 WL 3733815, at *4 (defendant "acted with

18 reasonable diligence" in moving for leave to amend its counterclaim "roughly two months" after

19 learning new facts at a deposition).

20    Because the Court finds good cause for amendment exists under Rule 16, the Court next

21 evaluates Plaintiff's request to amend under Rule 15(a)'s liberal standard and the factors set forth in

22 *Foman v. Davis*.  *See Johnson*, 975 F.2d at 608.

23    **B.    Plaintiff May Amend the FAC Pursuant to Rule 15(a)**

24    Plaintiff contends that amendment of the FAC to substitute to substitute BFP as Plaintiff and

25 real party in interest is permissible under Rule 15 and the *Foman* factors because the proposed

26 amendment does not unduly prejudice Defendant, Plaintiff did not delay in seeking leave to amend,

27 the amendment is offered in good faith, and it is not futile.  (Doc. 36-2 at 4–5.)  Defendant does not

28 address the application of the *Foman* factors in either its opposition to Plaintiff's motion to amend

1   (*see* Docs. 38–39) or its sur-reply (*see* Doc. 44).

2   **1.   Legal Standard**

3   Rule 15 provides that a party may amend its pleading only by leave of court or by written

4   consent of the adverse party and that leave shall be freely given when justice so requires.  Fed. R.

5   Civ. P. 15(a)(2).  The Ninth Circuit has instructed that the policy favoring amendments "is to be

6   applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079

7   (9th Cir. 1990).  Although the decision whether to allow amendment is in the court's discretion,

8   "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to

9   facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs,*

10  *Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted).

11  The factors commonly considered to determine the propriety of a motion for leave to amend

12  are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment,

13  and (5) whether the plaintiff has previously amended the complaint.  *Foman*, 371 U.S. at 182;

14  *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014).  "These factors, however, are not

15  of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD*

16  *Programs, Ltd.*, 833 F.2d at 186.  Of these factors, "[p]rejudice to the opposing party is the most

17  important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith*

18  *Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)).  "The other factors used to

19  determine the propriety of a motion for leave to amend could each, independently, support a denial

20  of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07–cv–01115–JAM–

21  EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008) (citing *Lockheed Martin Corp. v. Network*

22  *Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).  "The party opposing the motion for leave to

23  amend bears the burden of demonstrating that a substantial reason exists to deny leave to amend."

24  *Id*. (internal quotations omitted).

25  **2.   The Proposed Amendment is Not Prejudicial to Defendant**

26  As the consideration of prejudice to the opposing party carries the greatest weight, the Court

27  considers this factor first.  *Jackson*, 902 F.2d at 1387.  "Prejudice is the 'touchstone of the inquiry

28  under [R]ule 15(a).'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

1    "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a

2    *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id*. (emphasis in original).

3    "'Undue prejudice' means substantial prejudice or substantial negative effect."  *SAES Getters*

4    *S.p.A. v. Aeronex, Inc*., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).  "'A need to reopen discovery

5    and therefore delay the proceedings supports a district court's finding of prejudice from a delayed

6    motion to amend the complaint.'"  *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17–cv–0040–BAM,

7    2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018).  However, "[p]rejudice is generally mitigated

8    where the case is still in the discovery stage, no trial date is pending and no pretrial conference has

9    occurred."  *Id*. (citing *DCD Programs, Ltd.*, 833 F.2d at 187–88).

10         Here, the Court finds no prejudice to Defendant by allowing amendment of the FAC, and

11   Defendant has not rebutted the presumption in favor of granting leave to amend.  Resolution of the

12   case will presumably be delayed if Plaintiff is permitted to amend the FAC and substitute BFP as

13   real party in interest, given that Defendant may seek to propound additional discovery surrounding

14   the newly substituted Plaintiff.  However, "a mere pendency in the resolution of claims does not

15   constitute substantial prejudice."  *Sage Electrochromics, Inc. v. View, Inc.*, No. 12–CV–6441–JST,

16   2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014).  And the need for Defendant to conduct

17   additional discovery "is insufficient by itself to deny a proposed amended pleading based on

18   prejudice."  *Greenfield v. Am. W. Airlines, Inc.*, No. C03-05183 MHP, 2004 WL 2600135, at *4

19   (N.D. Cal. Nov. 16, 2004) (citing *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal.

20   1997)); *see also Newton v. Am. Debt Servs., Inc.*, No. C-11-3228 EMC, 2013 WL 5592620, at *15

21   (N.D. Cal. Oct. 10, 2013) ("The mere prospect of additional discovery is insufficient; rather, the

22   prejudice must be undue and related to timing.").

23         This case also remains in its early stages.  There are no pending dispositive motions, no

24   looming trial date, and no final pretrial conference has been held.  (*See* Doc. 31 at 1, 6 (setting the

25   pre-trial conference on April 29, 2024, and trial on July 2, 2024).)  Thus, the Court finds that

26   Defendant has failed to meet its burden of showing it would suffer "substantial prejudice or

27   substantial negative effect" if leave to amend were to be granted.  *See SAES Getters S.p.A.*, 219 F.

28   Supp. 2d at 1086.

1    To ensure that Defendant has a fair opportunity to conduct any necessary investigations or

2    discovery required to address the newly substituted Plaintiff, the Court hereby ORDERS the parties

3    to meet and confer and propose a stipulated schedule for the case. *See Sage Electrochromics*, 2014

4    WL 1379282, at *3 ("the way to avoid any prejudice to [the defendant] is to set a case schedule

5    that does not deprive [the defendant] of its fair opportunity to respond to, and propose constructions

6    of, the newly asserted claims"); *Macias v. Cleaver,* No. 1:13-CV-01819-BAM, 2016 WL 8730687,

7    at *5 (E.D. Cal. Apr. 8, 2016) ("[P]rejudice to Defendants, if any, is eliminated by a continuance

8    of the discovery deadlines.").

9    In sum, in the absence of any showing of undue prejudice to Defendant, the Court finds that

10   this factor militates in favor of granting the proposed amendment.

11       **3.       The Proposed Amendment is Not Futile**

12   "Leave to amend may be denied if the proposed amendment is futile or would be subject to

13   dismissal." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v. United*

14   *States*, 928 F.2d 829, 843 (9th Cir. 1991)).  Proposed amendments are futile if "no set of facts can

15   be proved under the amendment to the pleadings that would constitute a valid and sufficient claim

16   or defense," *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or when they "are

17   either duplicative of existing claims or patently frivolous," *Murray v. Schriro*, 745 F.3d 984, 1015

18   (9th Cir. 2014).  "Leave to amend is warranted if the deficiencies can be cured with additional

19   allegations that are 'consistent with the challenged pleading' and that do not contradict the

20   allegations in the original complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th

21   Cir. 2011); *see also Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988) (noting

22   that it is improper to deny leave to amend when the court can "'conceive of facts' that would render

23   plaintiff's claim viable").

24       Here, Defendant does not assert that the proposed amendment is futile.  And indeed, the

25   amendment requested by Plaintiff would not be futile.  "An action must be prosecuted in the name

26   of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17(a)(3) explicitly affords the plaintiff

27   an opportunity to join or substitute the real party in interest prior to dismissal of the case. Fed. R.

28   Civ. P. 16(b)(1)-(3).  "The purpose of the rule is 'to prevent forfeiture of a claim when an honest

mistake was made.'" *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017). "This is consistent with our longstanding policy in favor of deciding cases on the merits." *Id*. The proposed amendment would permit Plaintiff to prosecute this case in the name of the real party in interest, BFP. Consequently, this factor also weighs in favor of allowing amendment.

### 4. There is No Evidence that Plaintiff Seeks to Amend the FAC in Bad Faith or Unduly Delayed in Seeking Amendment

In contending that Plaintiff's request to amend lacks good cause under Rule 16, Defendant contends Plaintiff knew BFP was the proper party to assert the claims in this case based on the documents that had already been produced in discovery. (Doc. 38 at 6–7.) The Court, however, finds no evidence that Plaintiff is seeking to amend the FAC in a bad faith attempt to unnecessarily protract the litigation. To the contrary, Plaintiff's representation that she encountered this new information as a result of the recent discovery is credible. This factor does not weigh against amendment. *See DCD Programs, Ltd*., 833 F.2d at 187 ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith.").

In addition, as discussed above, the Court finds that Plaintiff did not unduly delay in seeking to amend the FAC. "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08–cv–01086–AWI–SMS, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citing *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). Undue delay addresses not only whether the motion was filed within the time allotted, but also "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp.*, 465 F.3d at 953; *see also Jackson*, 902 F.2d at 1388 (denying leave to amend where, among other things, plaintiffs did not cite any facts or theories supporting their argument that they did not have important evidence until after additional discovery completed). For example, the Ninth Circuit has held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *Id*. (citing *Texaco, Inc. v. Ponsoldt*,

1    939 F.2d 794, 799 (9th Cir. 1991)). "Undue delay by itself is insufficient to justify denying leave

2    to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

3         Here, Defendant contends Plaintiff did not act diligently in seeking amendment. (Doc. 38

4    at 5–7.)  Defendant asserts that Plaintiff would have easily discovered that BFP was the proper

5    Plaintiff in this case pursuant to her own pre-suit inquiry or throughout the course of discovery.

6    (*Id*. at 6–7.)  As discussed above, Plaintiff states she was not aware of the facts underlying the

7    proposed amendment until the completion of the recent discovery and after responding to

8    Defendant's discovery requests.  The Court finds that Plaintiff acted with diligence in seeking leave

9    to amend. *See, e.g., N. Cal. River Watch v. Ecodyne Corp.,* No. C 10–5105 MEJ, 2013 WL 146324,

10   at *4 (N.D. Cal. Jan. 14, 2013) ("Because River Watch sought to amend its pleading within a month

11   after receiving such information, there is no evidence of undue delay.  This factor thus weighs in

12   favor of allowing leave to amend.").

13        Even if Defendant could show Plaintiff had all the relevant information at the time of the

14   filing of her original complaint and FAC, such a showing alone would still be insufficient and

15   would need to be supported by some demonstration of bad faith, prejudice, and futility. *See United*

16   *Healthcare Ins. Co.*, 848 F.3d at 1184.  As discussed above, the other factors have not been met.

17   Therefore, even if Defendant was able to establish undue delay, it would not justify denying leave

18   to amend because the other factors merit granting leave to amend.  Therefore, the Court finds that

19   this factor weighs in favor of amendment.

20        **5.      Plaintiff Has Amended the Complaint One Previous Time**

21        Lastly, Plaintiff previously amended the complaint less than two years ago on October 27,

22   2021.  (*See* Doc. 11.)  While her FAC was filed before the pertinent discovery was produced,

23   because she has once previously amended the complaint, this factor weighs against granting leave

24   to amend.  However, given that the balance of the Rule 15 factors discussed above weigh in favor

25   of permitting amendment, the Court recommends that Plaintiff's motion to amend be granted.

26                        **IV.      CONCLUSION AND ORDER**

27        For the reasons set forth above, Plaintiff's motion for leave to file a second amended

28   complaint (Doc. 36) is GRANTED.  Accordingly, it is HEREBY ORDERED that:

11

1.     Plaintiff shall file the second amended complaint, which is attached as Exhibit 3 to her motion to amend (Doc. 36-1 at 18–22), **within three (3) days from the date of entry of this order**; and

2.     **Within fourteen (14) days from the date of entry of this order**, the parties shall, after meeting and conferring, file a joint stipulation to modify the case schedule, setting forth proposed dates agreed upon by all counsel.

3.     The Settlement Conference set for **October 3, 2023**, (*see* Docs. 34–35) shall remain as scheduled.

IT IS SO ORDERED.

Dated:   **July 5, 2023**                       /s/ *Sheila K. Oberto*

                                             UNITED STATES MAGISTRATE JUDGE